Donald A. MacKay
CA Bar No. 138540
don@damackay.com
DONALD A. MACKAY - ATTORNEY AT LAW
1288 West Fernleaf Avenue
Pomona, CA 91766-4308
Telephone (202) 642-4646
Facsimile (866) 833-5150

John P. Fuller, Esq., *pro hac vice pending*
jpf@fullerfuller.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone (305) 891-5199
Facsimile (305) 893-9505

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MEGGS, Individually, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. |
| DAVID S. HONG, Individually, | ) ) ) |
| Defendant. | ) ) / |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND RELATED STATE LAW CLAIMS**

Plaintiff, JOHN MEGGS, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, DAVID S. HONG, Individually, (sometimes referred to as "Defendant"), for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the related California Statutes, and allege the following:

## **COUNT I**

## **VIOLATION OF TITLE III OF THE**

## **AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, et seq.**

1.  Plaintiff, JOHN MEGGS, is an individual residing at 1615 W. 207th St., Torrance, CA 90501-1917, in the County of Los Angeles.

2.  Defendant's property, Victorville Galleria, is located at 14560 Palmdale Rd., Victorville, CA 92392, in the County of San Bernardino.

3.  Venue is properly located in the Central District of California, as venue lies in the judicial district of the property situs. The Defendant's property is located in and Defendant does business within this judicial district.

4.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

5.  Plaintiff John Meggs is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic. Mr. Meggs relies on a manual wheelchair for mobility.

6.  John Meggs visited the subject property on May 12, 2018, and plans to return to the subject property to avail himself of the goods and services offered to the public at the property once the property is made accessible for his use. Plaintiff John Meggs has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

7.  Defendant owns, leases, leases to (or operates) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Victorville Galleria, and is located at 14560 Palmdale Rd., Victorville, CA 92392.

8.  John Meggs has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as

described but not necessarily limited to the allegations in paragraphs 9 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

**FACTUAL ALLEGATIONS**

9. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Victorville Galleria, has shown that violations exist. These violations were personally encountered or observed by Mr. Meggs, and which were confirmed by an ADA expert include, but are not limited to:

**Parking and Exterior Accessible Route**

A. Accessible parking spaces lack proper identification signage, which made it difficult for Mr. Meggs to identify disabled parking.

B. Accessible parking spaces are not located on compliant accessible routes to enter the buildings, which prevented Mr. Meggs from safely unloading from his vehicle and accessing the facilities violating ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards, where the solution is readily achievable.

C. Victorville Galleria Center has parking for over 200 cars without adequate compliant spaces designated as accessible. Spaces are improperly marked, lack clear level access aisles and have slopes with abrupt changes of level within the spaces, violating Sections 502, 502.3 and 502.4 of the 2010 ADA Standards. These conditions prevented Mr. Meggs from freely and safely unloading his vehicle.

D. Built-up curb ramps to access the Galleria Center stores are improperly designed with excessive slopes and ramps obstructing access aisles preventing their use by

Page 3 of 12

Mr. Meggs. Furthermore, the aisle widths are inadequate for vans, violating 2010 ADAS Sections 406 and 502.4.

E.  Galleria Center fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk preventing Mr. Meggs safe access violating Section 206.2.1 of the 2010 ADAS.

**Entrance Access and Path of Travel**

F.  Ramps or curb ramps leading to stores from parking have slopes which endanger Mr. Meggs' safety, violating 2010 ADAS Section 405, ADAAG Sections 4.7 and 4.8.

G.  Cross slopes, changes of level and incomplete walks impede Mr. Meggs' path of travel to and through shopping areas and from streets, sidewalks and transit violating ADAAG Section 4.3 and 2010 ADAS Sections 303, 304 and 403.

**Access to Goods and Services**

H.  The center fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

I.  Dining, check-out and work surface areas throughout Galleria Center are inaccessible to the plaintiff and violate various ADAAG and 2010 ADAS requirements.

**Access to Men's Restrooms at Galleria Center**

J.  Mr. Meggs could not safely access Pizza Hut restroom stalls, doors are not self-closing and lack accessible door hardware violating ADAAG Sections 4.17 and the 2010 ADAS.

K.  Grab bars in accessible compartments for Pizza Hut's restroom are improperly mounted. The grab bars have obstructions within 12" of the gripping surface and there was inadequate transfer space for Mr. Meggs. The side grab is over 38"

AFF and the rear grab bar is over 40" AFF violating ADAAG Section 4.16 and 2010 ADAS Section 604.

L.  Mr. Meggs could not safely use Taco Chon restroom as there are slopes and obstructions at the door and in transfer space violating ADAAG Sections 4.14 and 4.16 and 2010 ADAS Section 604. The side grab bar and door hardware are improper and both grab bars are obstructed which prevented plaintiff's use.

M.  Plaintiff could not use coat hooks, soap, towel and seat cover dispensers mounted beyond reach ranges in Section 4.2 of the ADAAG and ADAAS Section 308 in tenant restrooms. Toilet paper dispensers are improperly located in violation of ADAAG Section 4.16 and the 2010 ADAS in tenant restrooms.

N.  Plaintiff could not use lavatories and mirrors mounted beyond limits in Section 4.19 of the ADAAG and ADAS Sections 603.3 and 606 in the Taco Chon restroom.

O.  Plaintiff could not use the urinal which is non-compliant in violation of ADAAG Section 4.15 and 2010 ADAS Section 605 in the Taco Chon restroom.

11.  Mr. Meggs frequently visits the Hesperia/Victorville area where his son and grandchildren live. He stays, shops, eats, and recreates in the area on an ongoing basis.

12.  In encountering and dealing with the lack of accessible facilities, the Plaintiff experienced difficulty and discomfort. This violation denied the Plaintiff full and equal access to facilities, privileges and accommodations offered by the Defendant.

13.  Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) these particular barriers are intrusive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the Defendant intended any other configuration, they had the means and ability to make the change.

14.  Given the obvious and blatant violations, the Plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff

will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the Plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 506 F.3d 1191 (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

15. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

16. The discriminatory violations described starting at paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Victorville

Galleria, to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE**, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## DISABLED PERSONS ACT

22. Plaintiff realleges herein all prior allegations of the Complaint as if more fully set forth herein.

23. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

24. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

25. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code § 54(c) and 54.1(a).

26. Here, Defendants discriminated against the physically disabled public, including the Plaintiff, by denying him full and equal access to the facility. Defendants also violated Mr. Meggs rights under the ADA, and therefore, infringed upon or violated (or both) Plaintiff's rights under the Disabled Persons Act.

27. For each offense of the Disabled Persons Act, Plaintiff seeks actual damages (both general and specific damages), declaratory relief, and other remedies available under California Civil Code § 54.3.

28. Plaintiff Meggs also seeks to recover reasonable attorneys fees incurred under California Civil Code § 54.3.

## COUNT III
## UNRUH CIVIL RIGHTS ACT

29. Plaintiff realleges herein all prior allegations of the Complaint as if more fully set forth herein.

30. California Civil Code § 51 states, in part, that: All persons withing the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or service in all business establishments of every kind whatsoever.

31. California Civil Code § 51 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

32. California Civil Code § 51 specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

33. Defendant's aforementioned acts and omissions denied the physically disabled public – including the Plaintiff – full and equal accommodations, advantages, facilities, privileges

Page 9 of 12

1    and services in a business establishment (because of their physical disability).

2    34.   These acts and omissions (including the ones that violate the ADA) denied, aided or

3          incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

4    35.   Plaintiff Meggs was damaged by Defendant's wrongful conduct, and seeks statutory

5          minimum damages of four thousand dollars ($4,000) for each offense.

6    36.   Plaintiff Meggs also seeks to enjoin Defendant from violating the Unruh Act (and ADA),

7          and recover reasonable attorneys' fees and costs incurred under California Civil Code

8          § 52(a).

9                                    **COUNT V**
                               **PRAYER FOR RELIEF**
10

11          **WHEREFORE**, Plaintiff John Meggs prays for judgment against the Defendant, jointly

12   and severally for:

13          a.    Injunctive relief, or any other relief the Court deems proper.

14          b.    Declaratory relief that Defendant violated the ADA for the purposes of Unruh

15                Act or Disabled Persons Act damages.

16          c.    Statutory minimum damages under either § 52(a) or § 54.3(a) of the California

17                Civil Code (but not both) according to proof.

18          d.    Attorneys' fees, litigation expenses, and cost of suit.

19          e.    Interest at the legal rate from the time of the filing of this action.

20                                    Respectfully Submitted,

21                                    Donald A. MacKay
                                      CA Bar No. 138540
22                                    don@damackay.com
                                      DONALD A. MACKAY - ATTORNEY AT LAW
23                                    1288 West Fernleaf Avenue
                                      Pomona, CA 91766-4308
24                                    Telephone (202) 642-4646
                                      Facsimile (866) 833-5150
25
                                      John P. Fuller, Esquire, *pro hac vice pending*
26                                    jpf@fullerfuller.com
                                      FULLER, FULLER & ASSOCIATES, P.A.
27                                    12000 Biscayne Blvd., Suite 502
                                      North Miami, FL 33181
28                                    Telephone (305) 891-5199

                                      Page 10 of 12

Facsimile (305) 893-9505

By: _____
    Donald A. MacKay
    CA Bar No. 138540

Attorneys for Plaintiff John Meggs

1

**VERIFICATION**

I am a party to this action, and I have read the foregoing complaint and know its contents. The matters stated in the complaint are true based on my own knowledge, except to those matters stated on information and belief, and to those matters I believe them to be true.

I declare under penalty and perjury under the laws of the state of California that the foregoing is true and correct.

Executed on ___3___ ___Oct___, 2018, at Torrence, California.

By: _____
    John Meggs

Page 12 of 12